## MARGARET TOLLETT, Tutrix, v. ANDREW JONES.

Where the certificate of the magistrate, to whom a commission was addressed, attests that the witness appeared and answered the interrogatories, and signed his name thereto "after having been examined upon the Holy Evangelist of Almighty God," it will be sufficient. The language of such a certificate is immaterial, provided it appear clearly that the requisites of the law have been complied with.

The object of the 7th sect. of the act of 25th March, 1828, which requires that interrogatories to be propounded to witnesses examined under commission, shall be served on the opposite party or his counsel, three days previous to being forwarded, is to afford the latter sufficient time to examine them, and prepare his objections or cross-interrogatories ; and where such interrogatories have been handed to a party, with a request that he will accept service thereof and return them the next day, and he acknowledges service, and returns them, accordingly, with his cross-interrogatories, he will be considered as having waived any further delay.

APPEAL from the District Court of Claiborne, *Campbell* J.

MORPHY, J. This is an action brought by the grandmother and tutrix of the minor children of Marcus Jones, to recover a slave alleged to be the property of their father. The petitioner avers that the defendant has had the care and keeping of the said children for some time, by the common consent of their relations, and with the mutual understanding that he was to provide for their support and education, and that, in consideration thereof, he was to have the services of the said slave ; but that the defendant has entirely failed to make a reasonable provision for the support and comfort of the children, has neglected their education, and has so ill-treated them that they have been compelled to abandon his house. The defendant, after a general denial, avers that the heirs of Marcus Jones, have no right or title to the slave, and pleads prescription. He further avers, that he has had the minors in his house, and has provided them with board, clothing, and every comfort of life for five years, and has paid for their tuition, and furnished them with books, stationery, &c. ; that for these, and divers other expenses, the minors are indebted to him in the sum of $2350, which he pleads in compensation and reconvention. There was a verdict and judgment in favor of the defendant,* and the plaintiff has appealed.

The testimony in this case is extremely vague, contradictory,

* The jury found that the defendant was not entitled to recover any damages.

and inconclusive, and were we called upon to pass on the merits, we should find it difficult to come to a satisfactory conclusion; but a bill of exceptions presented by the record, makes it our duty to remand the case for a new trial, and this will afford the parties an opportunity of introducing additional evidence in support of their respective pretensions.

On the trial, the plaintiffs offered in evidence, testimony taken under a commission executed in the county of Hempstead, in the State of Arkansas. It was objected to by the defendant's counsel, on the grounds : *First*, That there was no *jurat* to the return of the commission. *Secondly*, That there was no legal service of the interrogatories on the defendant, or his counsel, three days previous to their being forwarded.

We have examined the certificate of the magistrate who executed the commission, and it appears to us to contain, in substance, all that can be required. The witness appeared, answered the interrogatories annexed to the commission, and signed his answers after having been *examined upon the Holy Evangelist of Almighty God*. The words of such a certificate do not appear to us material, provided it clearly appear from it that the requisites of the law have been complied with. 9 La. 424. In relation to the interrogatories, the record shows that the counsel for the defendant accepted service of them on the 21st of August, 1841. One of the defendant's counsel, who was examined at the request of the plaintiff's attorney, testified that the interrogatories were handed to him on the 20th of August, by the latter, with a request that they should be returned the next day; that he acknowledged service of them on the 21st of August, and returned them to the clerk on that day ; and that he had the interrogatories in his possession as long as he wanted them. It appears, further, that on the 21st, the defendant's counsel filed objections to almost every one of the interrogatories put by the plaintiff. Under these circumstances, the judge, in our opinion, erred in excluding the evidence on the ground assumed. The object of the law in requiring that interrogatories shall be served on the adverse party, or his counsel, three days previous to their being forwarded, is to afford the latter sufficient time to examine them and make their objections or cross-interrogatories. It is clear that the defendant's

counsel consented to waive this delay, when, at the request of the plaintiff's counsel, he accepted service of the interrogatories the day after he received them, and returned them to the clerk's office accompanied by minute objections, which prove, as he declared himself in court, that he had them as long as he wanted them. Had they remained two or more days in the office of the clerk, after being returned there, it would have been of no advantage to the defendant; nor has he suffered any injury from their being taken away and forwarded.

It is, therefore, ordered, that the judgment of the District Court be reversed, and the verdict set aside; and that the case be remanded for a new trial, with instructions to the judge below not to reject the testimony taken under this commission, on the ground that no legal service of the interrogatories had been made on defendant's counsel, three days before being forwarded. The costs of this appeal to be borne by the appellee.

*Brent,* for the appellant. On the part of the defendant, the case was submitted by *McGuire* and *Ray.*